NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 7 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| QIANG LI; FANG QIU; L. L., | No. 25-770 |
| Petitioners, | Agency Nos. A245-207-432 A245-207-433 A245-207-434 |
| v. | |
| TODD BLANCHE, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 30, 2026**

Before: N.R. SMITH, BUMATAY, and H.A. THOMAS, Circuit Judges.

Fang Qiu, Qiang Li, and their minor daughter,[1] natives and citizens of

China, petition for review of the decision by the Board of Immigration Appeals

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] Ms. Qiu is the lead Petitioner. Ms. Qui's spouse and their minor daughter seek asylum as derivative beneficiaries of Ms. Qui's asylum application and did not file separate applications for relief.

("BIA"), dismissing their appeal of an Immigration Judge's ("IJ") order, which denied their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). In its decision, the BIA adopted the IJ's denial of Petitioners' asylum and withholding applications based on an adverse credibility determination. The BIA also determined that Petitioners failed to meaningfully challenge the IJ's finding that the objective evidence of record does not support a claim that Petitioners would be tortured in the future. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039–45 (9th Cir. 2010). We deny the petition for review.

Considering the totality of the circumstances, substantial evidence supports the agency's adverse credibility determination. The agency supported its adverse credibility determination with numerous specific and cogent reasons, including: (1) Ms. Qui's impatient and evasive demeanor in testifying; (2) inconsistencies between medical documents and Ms. Qui's testimony regarding dates and addresses for her forced abortion and contraceptive insertion; (3) Ms. Qui's omission from her asylum application of her Beijing address and the calls she received from Family Planning Officers; (4) the inherent implausibility of returning to the same hospital (where Ms. Qui underwent a forced abortion) for

later pregnancy care; (5) Ms. Qui's failure to retain any records of the 50,000 Yuan fine payment for her third child, while retaining older records of the 3,000 Yuan fine payment for first child; and (6) a lack of supporting documentation for her petition, such as authorization from Family Planning Office for the IUD removal and for her to have a second child; Ms. Qui's identification card—the source of alleged address errors in other documents; or a declaration from Ms. Qui's mother-in-law, whose warning about Family Planning Officers' inquires allegedly instigated Petitioners' flight from China. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (explaining what the agency may consider in determining credibility); *Mukulumbutu v. Barr*, 977 F.3d 924, 926–27 (9th Cir. 2020) (holding substantial evidence supported adverse credibility determination where petitioner testified inconsistently and implausibly, as well as omitted important details); *Manes v. Sessions*, 875 F.3d 1261, 1263–65 (9th Cir. 2017) (holding substantial evidence supported adverse credibility determination where IJ provided "specific, first-hand observations" of witnesses demeanor and inconsistency between applicant's testimony and documentary evidence undermined credibility).

Petitioners' arguments in support of credibility are at best plausible alternative interpretations of the record evidence; they do not compel a conclusion contrary to that of the agency. *See Garcia v. Holder*, 749 F.3d 785, 790–91 (9th Cir. 2014) ("[Petitioner] suggests plausible alternatives to the IJ's conclusion. Yet

she cannot show that the record compels a different interpretation, and that is fatal to her challenge to the adverse credibility determination."); *see also Kalulu v. Bondi*, 128 F.4th 1009, 1016 (9th Cir. 2024) ("[T]he IJ was not required to accept [petitioner's] proffered explanation [of inconsistency].").  Because the agency's adverse credibility determination is supported by substantial evidence, Petitioners cannot satisfy their burden of proof to show they are eligible for asylum and withholding of removal.  *See Manes*, 875 F.3d at 1265.

Absent credible testimony, substantial evidence also supports the agency's denial of Petitioners' CAT claims.  *See Mukulumbutu*, 977 F.3d at 927 (holding that petitioner did not meet evidentiary burden for CAT protection based on country conditions reports and other corroborating evidence absent credible testimony).

**PETITION FOR REVIEW DENIED.**[2]

---

[2] The motion for a stay of removal (Dkt. No. 2) is **DENIED AS MOOT**.